# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Bonnie Richardson,

                            Plaintiff,

                                                            Civ. No. 05-2308 (RHK/AJB)

v.                                                            **ORDER**

Intown Suites Burnsville, L.P.,

                            Defendant.

---

Sidney Crow,

                            Plaintiff,

                                                              Civ. No. 05-2307 (RHK/AJB)

v.                                                            **ORDER**

Intown Suites Burnsville, L.P.,

                            Defendant.

---

     Before the Court is the Affidavit of Costs and Fees in Connection with Default, submitted by Plaintiffs' counsel ("Counsel") in response to the Court's March 22, 2006 Memorandum Opinion and Order (Civ. No. 05-2307, Doc. No. 69; Civ. No. 05-2308, Doc. No. 85) (the "Order"). In the Order, the Court vacated the entry of default against Defendant Intown Suites Burnsville, L.P. ("Intown"), and awarded Counsel $5,000 based upon the Court's "preliminary establishment of the reasonable costs and attorneys' fees . . .

incurred as a result of Intown's default."[1]  (Order at 9.)  Pursuant to the Order, Counsel was to submit supportive documentation for the $5,000 award, as well as for any requested increased award.

Counsel seeks $32,573.19 in costs and fees (less the $5,000 Intown has already paid), "attributable to matters related to and caused by defendant's initial default, plaintiffs' motions for entry of default and entry of default judgments . . . and responding to defendant's motion to vacate default."  (Aff. ¶ 3.)  This amount represents $25,000 in attorney's fees (100 hours of Counsel's time billed at $250.00 per hour), and $7,573.19 in "out-of-pocket costs."  (Id. ¶ 24.)  Intown has submitted an objection to the request for increased costs and fees, arguing in part that "no more than 30 of the 100 hours claimed can reasonably be attributed to default-related litigation."  (Civ. No. 05-2307, Doc. No. 73 at 2; Civ. No. 05-2308, Doc. No. 89 at 2.)

While the Affidavit demonstrates, and the Court concludes, that Counsel is entitled to an award of costs and fees above the initial award of $5,000, much of the time and expenses claimed by Counsel do not appear to be directly related to the defaults, including time and expenses related to the investigative work (both in-house and contracted) regarding Intown's changing corporate structure.  In addition, it is clear that much of the expenditure by Counsel could have been avoided by communication with Intown or its legal

---

[1] That amount has been paid.  (See Civ. No. 05-2307, Doc. No. 70; Civ. No. 05-2308, Doc. No. 86 (Affidavit of Erica Strohl).)

representative.[2]  In light of this, the 30 hours identified by Intown is a reasonable representation of the time spent by Counsel directly attributable to the instant defaults and the reasonable value of said 30 hours is $7,500.  The Court will reduce the claimed "out-of-pocket" costs by the same proportion that Counsel's claimed fees are reduced.  Accordingly, Counsel is entitled to a total award of $7,500 for fees and $2,271.96 for costs.  Less the $5,000 Intown has already paid pursuant to the Order, Counsel is entitled to an additional award of $4,771.96 for costs and attorney's fees resulting from Intown's default in the instant actions.

## Conclusion

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that Intown pay Plaintiffs' counsel an additional $4,771.96 for costs and attorney's fees incurred as a result of Intown's default.

Dated: June 7, 2006                                         s/Richard H. Kyle
                                                            RICHARD H. KYLE
                                                            United States District Judge

---

[2] Intown argues that all of Counsel's claimed fees "could have been avoided with a phone call to defendant's counsel." (Civ. No. 05-2307, Doc. No. 73 at 2; Civ. No. 05-2308, Doc. No. 89 at 2.)  While much of the time expended could have been avoided with some efforts at communication by Counsel, the Court rejects the argument that a phone call would certainly have obviated all of the fees incurred in connection with the entries of default; the records in the instant cases demonstrate that Counsel had attempted to communicate with Intown in the past to no avail.